JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AZIZA GEORGIAN, *as trustee for* AZIZA GEORGIAN FAMILY TRUST,<br>Plaintiff,<br>v.<br>FARMERS INSURANCE COMPANY, a California Corporation; and DOES 1 to 20, inclusive,<br>Defendants. | Case No. 2:26-cv-05132-SPG-MAR<br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [ECF NO. 11]** |

Before the Court is the Motion for Remand, (ECF No. 11 ("Motion")), filed by Plaintiff Aziza Georgian ("Plaintiff"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

## I. BACKGROUND

The following allegations are taken from Plaintiff's Complaint. (ECF No. 1-3 ("Complaint")). Plaintiff is the trustee of the Aziza Georgian Family Trust, a named insured under a Farmers Insurance home owner's policy (the "Policy") covering Georgian's residence located at 1657 Bellford Avenue, Pasadena, California (the

"Property"). (*Id.* ¶ 9). Defendant Farmers Insurance Company ("Farmers") is a corporation with its principal place of business in Woodland Hills, California. (*Id.* ¶ 2).

On December 19, 2024, Plaintiff's housekeeper notified her that a pool of water had collected on the floor of a walk-in closet on the Property. (*Id.* ¶ 11). The same day, Plaintiff reported the loss under the Policy to her Farmers agent, Eddie Truong ("Truong"). (*Id.* ¶ 12). Truong conducted an inspection of the Property on December 27, 2024, but was unable to determine the cause of the pooled water and instructed Plaintiff to contact a plumber to open the walls. (*Id.*¶ 13). Plaintiff called a plumber, who inspected the Property on January 1, 2025, and determined that the water damage was caused by a burst pipe. (*Id.* ¶ 14). The plumber concluded that the pipe burst was "sudden and immediate" and not the result of a slow leak over time. (*Id.*). The plumber replaced the damaged section of the pipe, but the leak had already caused damage to the surrounding floor and wall. (*Id.*).

Following the plumber's inspection, Plaintiff called Truong, but she was unable to reach him until January 14, 2025. (*Id.* ¶ 15). During this delay, mold began to develop in the damp, exposed walls and flooring, causing greater damage to the Property. (*Id.*). On January 14, 2025, Truong requested a copy of the plumber's report, which Plaintiff provided immediately. (*Id.* ¶ 16). Truong then became unresponsive for the next few weeks, despite Plaintiff repeatedly reaching out. (*Id.* ¶ 17). Finally, on January 31, 2025, Truong issued a denial of coverage, concluding that the loss was the result of "wear and tear." (*Id.* ¶ 18). Plaintiff alleges that the denial of coverage was false and in bad faith, given that the plumber reached a contrary conclusion, the house was only two years old, and the water appeared in a frequently used and regularly maintained area of the Property. (*Id.* ¶ 22).

Plaintiff initiated this action on February 3, 2026, in Los Angeles County Superior Court, asserting claims of breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, unfair business practices, negligence, intentional

infliction of emotional distress, fraudulent misrepresentation, promissory estoppel, and elder abuse. (*Id.* at 8-20).

On May 13, 2026, Foremost Insurance Company ("Foremost") appeared in this action and filed a notice of removal. (ECF No. 1). Foremost asserts that Farmers was erroneously named as the Defendant, and that Foremost, as the underwriter of Plaintiff's Policy, is entitled to remove the case. Because Foremost is a Michigan corporation, it asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332.

On June 10, 2026, Plaintiff filed the instant Motion, seeking remand of this action to the Superior Court. (Mot.). Foremost filed an Opposition on June 30, 2026, accompanied by a declaration and supporting exhibits. (ECF No. 12 ("Opposition"); ECF No. 12-1 ("Korbel Declaration")). Specifically, Foremost has submitted copies of the December 19, 2024, and January 31, 2025, letters sent to Plaintiff by Truong. (Korbel Decl. at 4-14). Although written on Farmers letterhead, these exhibits reflect that Truong identified himself as a Field Claims Representative from "Foremost Insurance Company Grand Rapids, Michigan." (*Id.* at 4, 10). Separately, Foremost filed a motion to dismiss, which is currently set for hearing before this Court on August 12, 2026. (ECF No. 10 ("Motion to Dismiss")).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with subject-matter jurisdiction only over matters authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or there is diversity jurisdiction under 28 U.S.C. § 1332. Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

The removal statute is strictly construed against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). Courts resolve any doubt about the right of removal in favor of remand. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

## III. DISCUSSION

The parties focus their briefing on the question of whether Plaintiffs could possibly state a claim against Farmers. Plaintiff argues that, even if Foremost is *a* proper defendant in this action, it is not the *only* appropriate defendant. (Mot. at 8). Plaintiff argues that the Complaint sufficiently alleges that Truong acted as an agent or employee of Farmers, such that Farmers could be held vicariously liable for his misconduct. (*Id.* at 16-20). Foremost, for its part, argues that it is neither a subsidiary nor an alter ego of Farmers. (Opp. at 4-6). Foremost contends that, because it issued the insurance policy and employed Truong, Farmers has been fraudulently joined in this action. (*Id.* at 6-8).

Despite the parties' focus on this issue, the Court need not resolve the question of fraudulent joinder. Instead, because Foremost is not a named Defendant in this action, its removal of this case was improper and necessitates remand. Pursuant to the federal removal statute, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). The Ninth Circuit has interpreted this language literally to permit "only a 'defendant or the defendants' to remove an action to federal court." *Sharma v. HSI Asset Loan Obligation Tr. 2007-1*, 23 F.4th 1167, 1169 (9th

Cir. 2022); *see also Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) ("[I]n the context of [28 U.S.C. § 1441(a)] the term 'defendant' refers only to the party sued by the original plaintiff.").

*Sharma* is controlling. There, the plaintiffs filed a suit in state court naming two defendants: HSI Asset Loan Obligation Trust and HSI Asset Securitization Corporation. *Id.* at 1169. Despite not being named as a party in the lawsuit, DBNTC, acting as "trustee for HSI," removed the suit, arguing that it was the "real party defendant in interest." *Id.* The district court accepted this argument and denied remand, applying a "judicially-created exception to 28 U.S.C. § 1441(a)" based on out-of-circuit precedent. *Id.* On appeal, the Ninth Circuit reversed. The court found that "[t]he text of § 1441(a) specifically limits the ability to remove to the 'defendant or the defendants,' and contains no language allowing mistakenly omitted parties, wrongly excluded parties, or any other type of non-defendant to remove an action to federal court." *Id.* at 1170. The Ninth Circuit rejected the argument that a party purporting to be the "real party in interest" could invoke § 1441, concluding that, "[i]f Congress meant to allow a 'real party defendant in interest' to remove an action on behalf of a named defendant, it could have written the statute that way." *Id.* at 1171.

Here, as in *Sharma*, Foremost removed this action pursuant to § 1441(a) despite not being named as a Defendant, claiming that it is "the only entity that can be liable for the claims [Plaintiff] makes in her Complaint." (Opp. at 3). However, because "only the actual named 'defendant or the defendants' may remove a case under" § 1441(a), *Sharma*, 23 F.4th at 1173, Foremost's claim that it is the real party in interest is irrelevant. If, as Foremost argues, "there is no such entity as 'Farmers Insurance Company, a California Corporation,'" (Opp. at 2), then Foremost has nothing to worry about. Plaintiff can attempt to serve Farmers and will be unable to effectuate service or collect any default judgment. If, on the other hand, Farmers is an entity capable of being sued, it can appear on its own behalf and assert the same arguments that Foremost makes here. To the extent Foremost could seek to intervene in this action, and could thereafter remove this action, it has not sought to do so. Because Foremost has not been named as a Defendant in this action, its

attempted removal is defective. *See, e.g.*, *Duplessis v. T.J. Maxx of Cal., LLC*, No. 25-cv-08870-JST, 2026 WL 878323, at *1 (N.D. Cal. Mar. 31, 2026) ("[W]here, as here, the removing party is a non-party who claims the plaintiffs erroneously sued a different entity and the non-party is the proper defendant, the case should be remanded."); *Kiey v. Yard House Portland, LLC*, No. 3:16-cv-0548-SI, 2016 WL 3092108, at *2 (D. Or. June 1, 2016) (finding remand appropriate because "it is improper for Yard House USA, who is not a defendant in this case, to remove this case to federal court"); *Janis v. United Servs. Auto. Ass'n*, No. 2:24-CV-314-MKD, 2024 WL 4589989, at *2 (E.D. Wash. Oct. 28, 2024) ("Notwithstanding Plaintiffs' intent to add USAA CIC as a defendant in the future, USAA CIC lacked the statutory authority to remove this matter." (internal citation omitted)).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion. This action is REMANDED to the Los Angeles County Superior Court, and this case is closed.[1]

**IT IS SO ORDERED.**

DATED: July 23, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court is remanding this case, the Court also DENIES, as moot, Foremost's Motion to Dismiss.